**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DENNIS GUENTHER and DEBORAH GUENTHER**,**

                Plaintiffs,                            OPINION

                -against-                        06-CV-1420 (FB) (RER)

MODERN CONTINENTAL COMPANIES,
MODERN CONTINENTAL CONSTRUCTION CO.
OF NEW YORK, INC., MODERN CONTINENTAL
CONSTRUCTION CO., INC., THE HALLEN
CONSTRUCTION CO., INC., and STONE &
WEBSTER, INC.,

                Defendants.
------------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

       Plaintiff Dennis Guenther ("Guenther" or "plaintiff") brought this action against defendants Modern Continental Companies, Modern Continental Construction Co. of New York, Inc., Modern Continental Construction Co., Inc., The Hallen Construction Co., Inc. ("Hallen"), and Stone & Webster, Inc. ("S & W") for violations of the New York Labor Law §§ 200, 240, and 241.[1] This Court has subject matter jurisdiction over the action based on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1). Before the Court is S & W's motion for partial summary judgment. The parties have consented to have me decide this motion pursuant to 28 U.S.C. § 636(c)(1). For the reasons set forth below, S & W's motion for partial summary judgment is granted in part and denied in part.

---

[1] Deborah Guenther's sole claim is loss of consortium. Since this claim is not relevant to S & W's motion, it is not addressed in this Opinion.

Facts

Guenther claims he sustained injuries on May 22, 2003, while working at the Hunts Points Facility-Eastchester Extension located in Bronx, New York. Statement of Material Undisputed Facts ("Def's 56.1 Stmt") ¶¶ 1-2; Plaintiffs' Response to Defendant/Third Party Defendant's Statement of Undisputed Material Facts ("Pls' 56.1 Response") ¶¶ 1-2. Con Edison was the owner of the construction site, and Iroquois Gas Transmission System, L.P. ("Iroquois") was the project owner. Def's 56.1 Stmt ¶ 4; Pls' 56.1 Response ¶ 4. Iroquois contracted with S & W to perform work on the site. Def's 56.1 Stmt ¶ 6; Pls' 56.1 Response ¶ 6. Iroquois also contracted with Hallen to be the general contractor on the site. Def's 56.1 Stmt ¶¶ 5, 7; Pls' 56.1 Response ¶¶ 5, 7. Hallen then contracted with plaintiff's employer at the time, Spearin, Preston & Burrows ("Spearin"), to drive piles into the ground.[2] Def's 56.1 Stmt ¶¶ 1, 7; Pls' 56.1 Response ¶¶ 1, 7.

At the time of his alleged injuries, plaintiff was performing work called "monking." Def's 56.1 Stmt ¶ 1; Pls' 56.1 Response ¶ 1. Plaintiff's work required him to position the pile so that the crane could drive the pile into the ground. Def's 56.1 Stmt ¶ 1; Pls' 56.1 Response ¶ 1. A device called a hammer was attached to the crane to drive the pile into the ground. Def's 56.1 Stmt ¶ 3; Pls' 56.1 Response ¶ 3. Plaintiff's alleged injuries occurred when a portion of the hammer struck him. Def's 56.1 Stmt ¶ 3; Pls' 56.1 Response ¶ 3.

---

[2] The piles used on the site were approximately 40-45 feet long steel H-beam piles. *See* Pecorelli Affirmation in Support ("Pecorelli Aff."), Exh. F; Affidavit of Nicholas P. Giuliano in Opposition to the Motion of Defendant S & W for Summary Judgment ("Giuliano Aff."), Exh. A.

Discussion

I.  Summary Judgment Standard

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Am. Int'l Group, Inc. v. London Am. Int'l Corp.*, 664 F.2d 348, 351 (2d Cir. 1981). In addition, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If, however, the opposing party fails to make a showing of an essential element of its case for which it bears the burden of proof, summary judgment will be granted. *Celotex*, 477 U.S. at 323; *Smith v. Half Hollow Hill Cent. Sch. Dist.*, 349 F. Supp. 2d 521, 524 (E.D.N.Y. 2004).

To overcome a motion for summary judgment, the opposing party must show that there is an issue of material fact in dispute. That is, the disputed fact must be one which "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 242. If the opposing party does not set forth specific facts showing that there is a genuine issue for trial, summary judgment is appropriate. FED. R. CIV. P. 56(c).

II.  Plaintiff's New York Labor Law § 200 Claim Does Not Survive Summary Judgment

S & W contends that under New York Labor Law § 200 it is not liable for plaintiff's injuries because there is no evidence that it was involved in the work plaintiff was performing when he was injured. Plaintiff concedes that S & W did not direct his work. However, plaintiff

contends that S & W is liable because S & W had the duty to ensure all contractors complied with the relevant safety regulations.

Section 200 of New York Labor Law provides that:

> All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons . . . .

N.Y. LAB. LAW § 200 (2007). This statute codified "the common-law duty imposed upon an owner or general contractor to maintain a safe construction site." *Rizzuto v. L.A. Wenger Contracting Co.*, 91 N.Y.2d 343, 352, 693 N.E.2d 1068, 1073 (1998). Liability under § 200 also extends to agents of the owner and general contractor. *Everitt v. Nozkowski,* 728 N.Y.S.2d 58, 60 (2d Dept. 1994). In order to be liable, "the party charged . . . [must] have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition." *Russin v. Louis N. Piciano & Son*, 54 N.Y.2d 311, 317, 429 N.E.2d 805, 806 (1981).

The party held liable under § 200 has the requisite control over the activity if it has the authority to control the manner and method in which the work is performed. *See, e.g., Perri v. Gilbert Johnson Enters., Ltd.*, 790 N.Y.S.2d 25, 29 (2d Dept. 2005) (general contractor could be held liable where the testimony indicated that it "supervised all" of the construction work); *Everitt*, 728 N.Y.S.2d at 60-61 (defendant could be held liable where the evidence showed it subcontracted out the work to plaintiff's employer); *Wray v. Morse Diesel Int'l Inc.*, 804 N.Y.S.2d 303, 304 (1st Dept. 2005) (defendant could be held liable where the testimony indicated it instructed plaintiff on the work to be performed). Thus, a general supervisory

4

authority or the authority to ensure compliance with safety regulations is insufficient to hold a party liable under § 200. *See, e.g., Damiani v. Federated Dep't Stores, Inc.*, 804 N.Y.S.2d 103 (2d Dept. 2005) (defendant was not liable where defendant had only a general supervisory role); *Perri,* 790 N.Y.S.2d at 29 (same); *Dennis v. City of New York*, 758 N.Y.S.2d 661, 663 (2d Dept. 2003) (defendant was not liable where defendant had the duty to generally supervise the work and ensure compliance with safety regulations); *Dalanna v. City of New York*, 764 N.Y.S.2d 429, 430 (1st Dept. 2003) (same); *De La Rosa v. Philip Morris Mgmt. Corp.*, 757 N.Y.S.2d 527, 529 (1st Dept. 2003) (defendant was not liable where defendant did not have authority over the manner and method in which work is performed).

S & W is not liable under § 200 because it is undisputed that it did not have control over the manner and method in which plaintiff's work was performed. Significantly, plaintiff admits that "[S & W] did not supervise, direct or control any of the work being performed by the plaintiff, or his employer . . . ." Def's 56.1 Stmt ¶ 10; Pls' 56.1 Response ¶ 10. Furthermore, plaintiff testified during his deposition that he was unaware that S & W was present at the job site, he received instructions from a Spearin employee, and to his knowledge, S & W did not direct the work he performed on the job site. Pecorelli Aff., Exh. F. These statements are corroborated by the deposition testimony of plaintiff's co-worker, Lawrence Anderson, Jr. ("Anderson"), and Pascale Ambrosio ("Ambrosio"), an employee of Hallen.[3] *Id.*, Exh. I, L.

---

[3] In particular, Anderson testified that the Spearin foreman controlled the manner in which the work was performed on the day of the accident and that he was unaware of S & W's presence at the job site. *Id.*, Exh. L. Ambrosio testified that S & W did not direct or control the manner in which plaintiff performed his work. *Id.*, Exh. I.

5

Thus, S & W has met its burden of demonstrating that there is no genuine issue of material fact with respect to plaintiff's § 200 claim.

Plaintiff's contention that S & W had a duty to ensure compliance with safety regulations also fails to raise a genuine issue of material fact as to S & W's liability under § 200. *See* Giuliano Aff. ¶ 24; *see also* Pls' 56.1 Response ¶ 10. Even if true, the duty to ensure compliance with safety regulations is insufficient to hold S & W liable under New York Labor Law § 200. *See, e.g., Dennis*, 758 N.Y.S.2d at 663 (defendant's ability to stop work for safety violations and ensure compliance with safety regulations was insufficient to hold defendant liable); *Dalanna*, 764 N.Y.S.2d at 430 (same). As plaintiff fails to raise a genuine issue of material fact with respect to S & W's control over plaintiff's work, S & W's motion for partial summary judgment on plaintiff's New York Labor Law § 200 claim is granted.

III.  Plaintiff's New York Labor Law §§ 240 and 241 Claims Survive Summary Judgment

S & W also contends that it is not liable to plaintiff under New York Labor Law §§ 240 and 241 because its contract with Iroquois ("Contract") explicitly states that S & W is not an agent of Iroquois.:

> In performing the Work, the Contractor [S & W] shall be an Independent Contractor and neither the Contractor nor its employees, agents or subcontractors shall be deemed to be employees, agents or subcontractors of the Company [Iroquois], notwithstanding that the performance of the Work or any part thereof may be subject to the direction by the Company.

Pecorelli Aff., Exh. G; Giuliano Aff., Exh. C. S & W further contends that its duties were purely administrative in nature and did not include supervision of the work performed by plaintiff, nor did they include overseeing safety on the job site since Iroquois hired another company, Field Safety Corporation, to oversee health and safety auditing for the project. Plaintiff argues that

6

certain provisions in the Contract suggest that Iroquois delegated to S & W the duty to administer the construction contracts and ensure safety compliance. Plaintiff also points to the deposition testimony of S & W's construction manager, who testified that he was a "representative" of Iroquois.

Like New York Labor Law § 200, New York Labor Law §§ 240 and 241 are intended to ensure construction workers have a safe workplace. *See, e.g., Blake v. Neighborhood Housing Services of New York City, Inc.*, 1 N.Y.3d 280, 284, 803 N.E.2d 757, 759 (2003); *Allen v. Cloutier Const. Corp.*, 44 N.Y.2d 290, 297, 376 N.E.2d 1276, 1278 (1978). Section 240(1) of New York Labor Law provides that:

> All contractors and owners and their agents . . . in the erection, demolition, repairing, altering, painting, cleaning, or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

N.Y. LAB. LAW § 240(1) (2007). Section 241 of New York Labor Law provides that:

> All contractors and owners and their agents . . . shall comply with the following requirements: . . . 6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places . . . .

N.Y. LAB. LAW § 241 (2007). Notably, by their explicit terms both sections impose liability on "[a]ll contractors and owners and their agents . . . ." N.Y. LAB. LAW § 240(1) (2007); N.Y. LAB. LAW § 241 (2007).

A party may be liable as an "agent" under Labor Law §§ 240 and 241 "[o]nly upon obtaining the authority to supervise and control." *Russin*, 54 N.Y.2d at 318, 429 N.E.2d at 808.

7

"The title by which a party is known is not determinative." *Aranda v. Park E. Constr.*, 772 N.Y.S.2d 70, 71 (2d Dept. 2004). The agent must have control of the work performed and "authority to insist that proper safety procedures safety procedures be followed." *Everitt*, 618 N.Y.S.2d at 60.

Critically, in contrast to New York Labor Law § 200, a general supervisory role *is* sufficient to hold an agent liable if the agent also has the ability to coordinate the work performed and ensure compliance with safety regulations. *See, e.g., Walls v. Turner Constr. Co.*, 4 N.Y.3d 861, 864, 831 N.E.2d 408, 410-411 (2005) (construction manager liable as owner's agent where construction manager's duties included ensuring compliance with safety regulations and general supervision and coordination of the work being performed); *Maniscalco v. Liro Eng'g Constr. Mgt.*, 759 N.Y.S.2d 163, 165 (2d Dept. 2003) (same); *Kenny*, 450 N.Y.S.2d at 556 (same); *Ortega v. Catamount Constr. Corp.*, 694 N.Y.S.2d 367, 369 (1st Dept. 1999) (same); *cf. Damiani* at 106 (general supervisory role alone is insufficient to hold project manager liable). Under earlier versions of New York Labor Law §§ 240 and 241, liability was treated in a similar manner to that of § 200, and general contractors and owners were liable only if they had actual direction or control over the work performed at the time of the accident. *Allen*, 44 N.Y.2d at 299, 376 N.E.2d at 1279. However, when the earlier versions failed to sufficiently protect employees, §§ 240 and 241 were amended to impose absolute liability on owners and general contractors. *Id.* at 299-300, 376 N.E.2d at 1279-1280; *see also Blake*, 1 N.Y.3d at 286-287, 803 N.E.2d at 760-761. This distinction has carried over into the interpretation of agency liability under these statutes. *See Russin*, 54 N.Y.2d at 317, 429 N.E.2d at 807. Thus, agents with a general supervisory role and safety duties have been held liable under §§ 240 and 241, but not

liable under § 200. *See, e.g., Aranda,* 772 N.Y.S.2d at 72 (construction manager entitled to summary judgment on § 200 claim but not on §§ 240 and 241 claims).

Here, plaintiff has submitted sufficient evidence to raise a genuine issue of material fact on whether S & W was an agent of Iroquois with a general supervisory role and the ability to coordinate the work and ensure compliance with safety regulations. For example, the Contract provides that "Construction Management shall include all efforts required for the EPCM Contractor [S & W] to administer the construction contract(s), to provide field material control and to provide field inspection to ensure the <u>strictly compliant</u> completion and commissioning of the proposed facilities." Pecorelli Aff., Exh. G; Giuliano Aff., Exh. C (emphasis in original). S & W's construction manager for the site, Peter Dillon ("Dillon"), testified during his deposition that his duties were "to coordinate work on the site," monitor the general contractor, and coordinate deliveries. Pecorelli Aff., Exh. H. Ambrosio also testified during his deposition that S & W was in charge of project management. *Id.*, Exh. I. Finally, Dillon repeatedly testified that he was Iroquois' representative on the site. *Id.*, Exh. H. Thus, a reasonable jury could conclude that S & W had a general supervisory role on the site with the ability to coordinate the work performed.

The Contract also provides that "[i]t shall be the responsibility of the EPCM Contractor [S & W] to ensure that all work *it performs, manages or administers* as part of this contract is done so safely and in accordance with all Federal, State, and local laws, regulations and ordinances." Pecorelli Aff., Exh. G; Giuliano Aff., Exh. C (emphasis added). Furthermore, Dillon testified during his deposition that his duties included overall site safety, and that he would intervene if he observed unsafe work practices by either directly communicating with the

9

employee or by speaking to the contractors involved in the work. Pecorelli Aff., Exh. H. Finally, Dillon testified that he stopped all construction work on the site after the incident on May 22, 2003. *Id.* Therefore, a reasonable jury could conclude that S & W had a duty to ensure compliance with federal, state, and local safety regulations for the contracts it administered.

While the Contract may be some evidence that S & W was not Iroquois's agent, it is insufficient at the summary judgment stage to find as a matter of law that S & W is not an agent under §§ 240 and 241. A party's title is not determinative of the party's liability under §§ 240 and 241; rather, the court must look to the party's actual duties in order to determine whether it is liable. *Aranda*, 772 N.Y.S.2d at 71-72. Furthermore, the duty under §§ 240 and 241 is nondelegable. *Blake*, 1 N.Y.3d at 287, 803 N.E.2d at 761; *Allen*, 44 N.Y.2d at 300-301, 376 N.E.2d at 1279-1280. Thus, if as a factual matter S & W is Iroquois's agent, it cannot avoid the duties imposed under §§ 240 and 241 simply based upon the wording of the Contract. Since plaintiff has submitted sufficient evidence to create a genuine dispute on this issue, summary judgment must be denied. *See, e.g., Marmolejo v. New York City School Constr. Auth.*, 761 N.Y.S.2d 772, 774 (Sup. Ct. N.Y. County 2003) (whether company was an agent under The New York City Construction Act was issue of fact); *Ahl v. Martin*, 440 N.Y.S.2d 748, 749 (3d Dept. 1981) (agency is issue of fact "[w]hen the facts pertaining to the existence or nonexistence of the agency are disputed, or when conflicting inferences may be drawn from the evidence").

S & W also argues it is not an agent of Iroquois because it did not have the required control over site safety. It argues that it did not have the ability to ensure compliance with safety regulations because Iroquois hired Field Safety Corporation as its agent for health and safety activities. *See* Pecorelli Aff., Exh. K, I. In addition, S & W claims that Contract provisions

referring to safety applied only to its own work. Pecorelli Affirmation in Reply to Plaintiff's Opposition and In Further Support of Motion Pursuant to FRCP 56 ("Pecorelli Reply Aff.") ¶ 10. Finally, S & W disputes plaintiff's interpretation of Dillon's testimony. Pecorelli Reply Aff. ¶¶ 6-7. Particularly, Dillon testified at his deposition that S & W never stopped work at the job site because of unsafe practices, that he did not have the authority to stop unsafe practices at the job site, and that he issued a "stand down" order after the incident on May 22, 2003 to allow everyone to clear their heads rather than a "stop work" order issued for safety violations. Pecorelli Aff., Exh. H. S & W also argues that Dillon's statements that he was a "representative" of Iroquois meant only that Dillon was a representative with regards to the administrative duties delegated in the Contract. *Id.*

The only thing S & W's arguments demonstrate is that there is a genuine issue of material fact with respect to whether S & W exercised the necessary control over the site to be an agent of Iroquois. Given the conflicting evidence of whether S & W is an agent under §§ 240 and 241, a jury would be well within its discretion to find for either plaintiff or defendant on this issue. In light of the requirement that a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party, *Anderson*, 477 U.S. at 255, S & W's summary judgment motion on plaintiff's New York Labor Law §§ 240 and 241 claims therefore must be denied.

Conclusion

For the reasons stated above, S & W's motion for partial summary judgment on plaintiff's Labor Law § 200 claim is granted. However, S & W's motion for partial summary judgment on plaintiff's Labor Law §§ 240 and 241 claims is denied.

**Dated: Brooklyn, New York**
      **August 1, 2007**

<u>*Ramon E. Reyes, Jr.*</u>
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**